BENÍTEZ, PLAINTIFF AND APPELLEE, v. DÍAZ, DEFENDANT AND APPELLANT.

Appeal from the District Court of Humacao in an Action of Debt.

No. 2273.—Decided July 9, 1920.

APPEAL—NOTICE—APPROVAL OF TRANSCRIPT—STATEMENT OF CASE.—An appellant who fails to file the transcript of the record in the office of the Secretary of the Supreme Court within thirty days after the judge approved the transcript of the evidence or bill of exceptions and statement of the case, or within the extension granted, can not oppose a motion to dismiss the appeal on the ground that the clerk did not notify him, or erroneously notified him, of its approval by the judge, for it is not a duty of the clerk to give such notice.

The facts are stated in the opinion.

Mr. L. Llorens for the appellant.

Mr. F. González for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

According to a certificate issued by the clerk of the lower court, the defendant appealed from a judgment entered in action of debt No. 5600. The transcript of the record for the appeal was approved by the court on March 29, 1920, and on the following day the clerk so notified the parties. Taking these facts as a basis and also that the transcript has not been filed in this court, on the 28th of June the appellee moved for dismissal of the appeal taken by the defendant. The appellant opposed this motion, alleging that he had not been notified that the trial court had approved the transcript of the evidence and that although early in April he received a notice of this kind, the said notice bears

number 5410, the number of an action of redemption be-
tween the same parties which had already been filed in this
court on appeal, for which reason he could not understand
the notice.

Act No. 27 of November 27, 1917, provides that when
an appeal is taken, instead of preparing the statement of
the case required by section 299 of the Code of Civil Pro-
cedure, the appellant may ask the trial court to order the
stenographer to prepare a transcript of the evidence, which,
after certain formalities, shall be certified by the judge and
when so approved shall form a part of the judgment roll.
Section 3 of the said act was amended, as to who may ask
for extensions of time for preparing the transcript of the
evidence, by Act No. 81 of June 26, 1919, which act also
amended section 299 of the Code of Civil Procedure so that
it provides, among other things, that when the bill of ex-
ceptions and statement of the case shall have been approved
by the judge, they shall become a part of the judgment roll.

Neither of these acts imposes upon the clerk of the court
the duty of notifying the parties of the approval by the
judge of the transcript of the evidence prepared by the
stenographer, or of the bill of exceptions and statement of
the case prepared by the appellant; therefore there is no
defense for the appellant in this case in the fact that the clerk
did not notify him of the approval by the judge of the tran-
script of the evidence prepared by the stenographer at the
appellant's instance, or in the fact that the notice volun-
tarily given to him by the clerk was erroneous and gave rise
to doubts, which could have been easily removed in this case,
because, according to the statement of the appellant himself,
the action of redemption to which the notice referred was
already on file in the Supreme Court. Under the civil pro-
cedure now in force no notices are required unless they are
expressly ordered, for it is presumed that the attorneys or
the parties will attend to their own affairs. *Guardian As-*

*surance Company* v. *López Acosta*, *District Judge*, 24 P. R. R. 597.

The appellant not having filed the transcript of the record in this court within thirty days after the approval by the judge of the transcript of the evidence, as required by the last paragraph of section 2 of the said Act No. 81 amending section 299 of the Code of Civil Procedure, the motion of the appellee must be sustained and the appeal

*Dismissed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.